## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BOBBY WASHINGTON** ) | |
| **1212 Boones Hill Road, Apt 1** ) | |
| **Capitol Heights, MD 20743** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 1:19-cv-02737** |
| ) | |
| **ROBERT L. WILKIE** ) | |
| **Secretary of Veterans Affairs** ) | |
| **U.S. Department of Veterans Affairs** ) | **COMPLAINT & JURY DEMAND** |
| **810 Vermont Ave NW** ) | |
| **Washington, D.C. 20420** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

Plaintiff, Bobby Washington, by and through his undersigned counsel complains against

Defendant as follows:

## JURISDICTION AND VENUE

1.   This Court has federal question jurisdiction because more than 180 days have passed

since Plaintiff filed his formal EEO complaint of discrimination.  Venue is proper

because the unlawful employment practices were committed in this judicial district, the

relevant employment records are maintained and administered in this judicial district and

the Defendant's principal offices are located in this judicial district.

2.   Plaintiff has exhausted all of his administrative remedies.

3.   On or about June 14, 2019 the Office of Employment Discrimination Complaint

Adjudication of the Defendant issued its decision to Plaintiff.

4.    Accordingly, Plaintiff timely files this action in accordance with the decision, which

provided the Plaintiff the right to file this Complaint within 90 days of receipt.

## PARTIES

5.    Plaintiff is a resident of Capitol Heights, Maryland.

6.    On information and belief, Robert L. Wilkie, Secretary of Veterans Affairs, Department

of Veterans Affairs, is named in his official capacity as Secretary of the Agency that

employed Plaintiff within the U.S. Government.

## FACTS

7.    Defendant employed Plaintiff as a Claims Assistant within the Management Center until

his removal on February 23, 2018.

8.    Edwin Massiah, Assistant Coach, was Plaintiff's first-line supervisor for all relevant time

periods.

### *Plaintiff's Disabilities*

9.    Plaintiff suffers from several medical conditions, including chronic bronchitis, asthma,

wrist flexion, sleep disorder, and Parkinson's Disease.

10.   These medical conditions are permanent disabilities that substantially limit Plaintiff's

major life activities including but not limited to breathing, sleeping, motor control/skills,

and thinking/concentrating and constitute "serious health conditions."

11.   To manage Plaintiff's disabilities, he was prescribed several medications and relied on

assistive devices such as a CPAP machine, inhalers, and breathing treatments.

12.   As a result of Plaintiff's medications and treatments required for his disabilities, he

suffered from drowsiness and chronic fatigue that necessitated taking medical leave.

*The Agency is On Notice of Plaintiff's Disability*

13.   Mr. Massiah had knowledge of Plaintiff's disabilities and was aware that his required

      medications and breathing treatments in the morning caused Plaintiff to be drowsy and

      fatigued.

14.   On numerous times during 2017, Plaintiff requested leave because of his disabilities and

      Mr. Massiah forced Plaintiff to use Leave Without Pay.

15.   Eventually, Plaintiff submitted the Family and Medical Leave Act form to Defendant

      which was approved, and Plaintiff went on FMLA leave on September 27, 2017.

*The Agency Removes Plaintiff for Discriminatory Reasons*

16.   On January 20, 2018, Mr. Massiah yelled at Plaintiff and belittled him in front of his

      colleagues and accused him of sleeping while at work.

17.   On January 30, 2018, Mr. Massiah proposed Plaintiff be removed from federal service

      based on allegations that Plaintiff was sleeping at his desk, unresponsive to emails,

      arriving to work late, and failing to timely complete assignments.

18.   On February 23, 2018, Defendant removed Plaintiff from federal service, upholding the

      charges.

19.   Plaintiff disputes Defendant's allegations and justification for his removal.

20.   Defendant was aware of Plaintiff's disabilities that required medical treatments and

      prescription medications resulting in drowsiness and chronic fatigue but did not seek or

      provide a reasonable accommodation for his disabilities.

21.   Defendant did not seek for of offer any vacant positions for possible reassignment for

      Plaintiff.

22.   Instead, Defendant removed Plaintiff based on allegations related to his disabilities.

## COUNT I

### DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE REHABILITATION ACT

23.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

24.     Plaintiff is a member of a protected class based on his disability and Defendant had knowledge of Plaintiff's disabilities.

25.     Defendant subjected Plaintiff to discrimination based on his disability.

26.     Defendant terminated Plaintiff's employment because of his disability.

27.     Defendant failed to offer Plaintiff reasonable accommodation despite being on notice of his disability.

28.     The effects of Defendant's discrimination complained of above has deprived Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his disability.

29.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer harm, including severe emotional distress, as well as pecuniary losses, litigation expenses including attorneys' fees, and other non-pecuniary losses.

## COUNT II

### FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE REHABILITATION ACT

30.     The allegations in the foregoing paragraphs are incorporated as if realleged herein.

31.     Plaintiff is a member of a protected class based on disability.

32.     Defendant failed to offer Plaintiff reasonable accommodation despite being on notice of his disability and the ways in which his medications/treatment affected him.

33.     As a result of Defendant's refusal to accommodate Plaintiff, he was terminated from his position.

34.     The effect of this discrimination complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

35.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer harm, including severe emotional distress, as well as pecuniary losses, litigation expenses including attorneys' fees, and other non-pecuniary losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor, and against Defendant and further:

(a)  Reinstate Plaintiff to his previous position with appropriate backpay;

(b)  Award Plaintiff compensatory damages, plus past and future pecuniary damages in an amount that can only be determined in discovery; and in addition

(c)  Award Plaintiff attorneys' fees, expert fees, and costs of this action as may be permitted by law; and in addition

(d)  Award Plaintiff such other and further relief as may be appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Date: September 12, 2019                    Respectfully submitted,

**ALAN LESCHT & ASSOCIATES, PC**

By:  _/s/ Rani V. Rolston_____
Rani V. Rolston (Bar No. 974052)
Victoria M. Harrison (Bar No. 187253)
1825 K Street, N.W., Suite 750
Washington, DC  20006
Tel:    (202) 463-6036
Fax:    (202) 463-6067
Victoria.harrison@leschtlaw.com
*Counsel for Plaintiff*